## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIE KEVIN WILLIAMS** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 18-00471-TFM-N** |
| | ) | |
| **NOAH PRICE OLIVER**, *Warden*, | ) | |
| *Mobile County Metro Jail*, | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATIONS

Petitioner Willie Kevin Williams, an Alabama inmate proceeding *pro se* and *in forma pauperis*, has filed a Superseding Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Also pending are Williams's motion to amend his petition (Doc. 6) and the motion to appoint counsel (Doc. 8). Under S.D. Ala. GenLR 72(b), Williams' habeas petition and related motions have been referred to the undersigned Magistrate Judge for entry of a recommendation as to the appropriate disposition, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Rule 10 of the Rules Governing Section 2254 Cases in the United States District Courts, and S.D. Ala. GenLR 72(a)(2)(R). After conducting preliminary review in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned finds that Williams' superseding habeas petition (Doc. 1) is due to be **DISMISSED** for lack of jurisdiction as an unauthorized second or successive petition, and that consequently his pending motions (Docs. 6, 8) are due to be found **MOOT**.

## I.      Second or Successive Habeas Petition

Williams' petition challenges a criminal judgment entered against him by the Circuit Court of Mobile County, Alabama, in September 13, 2012, on his convictions for

first-degree rape and robbery along with second-degree kidnapping.  However, the docket of this Court reflects that Williams already filed a habeas petition in 2012, 2013 and in 2015 challenging that conviction.  (*See Willie Kevin Williams v. Gary Hetzel et.al*, S.D. Ala. Case No. 1:12-cv-00693-KD-C, *Willie Kevin Williams v. Willie Thomas*, S.D. Ala. Case No. 1:13-cv-00386-CG-M and *Willie Kevin Williams v. Willie Thomas, et.al.*, S.D. Ala. Case No. 1:15-cv- 00048-CG-M).  The record in Williams' 2012 habeas case reflects that his petition there was dismissed without prejudice based upon Williams failure to prosecute the action and comply with the Court's orders. The record in Williams' 2013 habeas case reflects that judgement was entered in favor of the Respondent, Willie Thomas.  Additionally, it was ordered that Williams be denied any certificate of appealability and not entitled to appeal *in forma pauperis*.  In 2015, the habeas case reflects that the writ was denied and the action was dismissed.  Judgment was entered in favor of the respondent and Williams was denied any further certificate of appealability.  The record does not reflect that any appeal was taken in Williams' 2012, 2013 habeas cases, however in Williams' 2015 case, the record reflects that a motion for a certificate of appealability was filed.[1] The motion was denied by the U.S. District Court of Appeals for the Eleventh Circuit and remanded back to this Court. (Doc. 38). Thus, the habeas petition in this action (Doc. 1) is a second or successive petition challenging his 2012 criminal judgment.[2]

---

[1] On December 28, 2015, William's motion for a certificate of appealability, to appeal the denial of his 28 U.S.C § 2254 habeas corpus petition was denied because he failed to make a requisite showing. Additionally, his motion for leave to proceed *in forma pauperis* and appointment of counsel were denied as moot. *Willie Kevin Williams v. Kenneth Jones,* S.D. Ala. Case No. 15-cv-0048-CG-M.

[2] "[S]econd or successive status only attaches to a judgment on the merits." *Boyd v. United States,* 754 F.3d 1298, 1302 (11th Cir. 2014).  Dismissal of a habeas petition as time-barred is a judgment on the merits.  *See Candelario v. Warden,* 592 F. App'x 784, 785 n.1 (11th Cir.

"Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts. Here, nothing in the record indicates that Williams has received such an order. "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam) (citing *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (per curiam)).

Accordingly, the undersigned finds that Williams' present habeas petition (Doc. 1) is due to be **DISMISSED** for lack of jurisdiction as an unauthorized second or successive petition and that his pending motion to amend complaint (Doc. 6) and motion to appoint counsel (Doc. 8) are therefore **MOOT**.[3]

## II.    Certificate of Appealability

Generally, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2254 case. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. However, a COA is unnecessary when, as here, the district court is dismissing a successive petition for lack of jurisdiction. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004)

---

2014) (per curiam) (unpublished) ("[A] second petition is successive if the first was denied or dismissed with prejudice, *Guenther v. Holt,* 173 F.3d 1328, 1329 (11th Cir. 1999) (discussing § 2254), and a dismissal for untimeliness is with prejudice, *see Jordan v. Sec'y, Dep't of Corr.,* 485 F.3d 1351, 1353 (11th Cir. 2007) (same). *Accord Villanueva v. United States,* 346 F.3d 55, 61 (2d Cir.2003) ('[W]e hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.').").

(per curiam).

### III.    Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing

that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue
> that is not frivolous when examined under an objective standard. *See
> Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed.
> 2d 21 (1962). An issue is frivolous when it appears that "the legal theories
> are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir.
> 1993) (citations omitted). In other words, an IFP action is frivolous, and
> thus not brought in good faith, if it is "without arguable merit either in law
> or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More
> specifically, "arguable means capable of being convincingly argued." *Sun v.
> Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and
> citations omitted). Nevertheless, where a "claim is arguable, but ultimately
> will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub.
> Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam)

(unpublished).

It is indisputable that this Court lacks jurisdiction to consider the merits of

Williams' present habeas petition because it is an unauthorized second or successive

petition.  Accordingly, the undersigned **RECOMMENDS** the Court certify that any

appeal by Williams of the dismissal of the present habeas petition would be without merit

and therefore not taken in good faith.

### IV.    Conclusion and Recommendations

In accordance with the foregoing analysis, it is **RECOMMENDED** that Williams'

present habeas petition (Doc. 1) be **DISMISSED** for lack of jurisdiction, and that his

pending motions (Docs. 6, 8) be found **MOOT**.  It is further **RECOMMENDED** that the

Court find Williams not entitled to proceed *in forma pauperis* on appeal because any

appeal would not be taken in good faith.

## V.    Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 16th day of January 2019.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**